**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 2 9 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| **ERIC HORTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 4:20-cv-1501 - LPR |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ATRIUM HOSPITALITY,** | ) | |
| **LP D/B/A EMBASSY** | ) | |
| **SUITES; and DELANE** | ) | This case assigned to District Judge Rudofsky |
| **McCOY;** | ) | and to Magistrate Judge Deere |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

Defendant Atrium Hospitality d/b/a Embassy Suites ("Atrium"), and Defendant Delane McCoy ("McCoy"), (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove this action from the Circuit Court of Pulaski County, Arkansas to the United States District Court for the Eastern District of Arkansas. In support of removal, Defendants state as follows:

### COMMENCEMENT OF ACTION IN STATE COURT

1.      Plaintiff Eric Horton ("Plaintiff") filed his Complaint on November 23, 2020, in the Circuit Court for Pulaski County, Arkansas, Case No. 60CV-20-6720. The Complaint was served upon both Atrium and McCoy on November 30, 2020. (Exhibit A: Summons and Complaint).

### JURISDICTION – GROUNDS FOR REMOVAL – FEDERAL QUESTION

2.      Plaintiff's Complaint alleges (1) sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"); (3) gender, sex, and disability discrimination and retaliation in violation of the Arkansas Civil Rights Act of 1993 ("ACRA"); and (4) an Arkansas common law claim for promissory estoppel.

3.      Accordingly, pursuant to 28 U.S.C. 1331 (federal question), this Court has original jurisdiction with respect to the Title VII claims.

4.      In addition, this Court has supplemental jurisdiction over each of the claims Plaintiff asserted under Arkansas law pursuant to 28 U.S.C. § 1367, as those claims arise from part of the same case or controversy as the Title VII and ADA claims.

5.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants have consented to the removal of this action.

6.      This Notice of Removal is being filed in the United States District Court for the district within which the action is currently pending.  This Notice of Removal is being filed within thirty (30) days after service of process of the pleading in which the basis for removal was asserted, and is therefore timely filed under 28 U.S.C. § 1446(b).

**PROCESS AND PLEADINGS**

7.      Defendants have been served with a Summons and Complaint.  (See Exhibit A). Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, and orders served upon Defendants are attached hereto.  The foregoing constitute the only process, pleading, or other papers served upon Defendant.

2

## NOTICE TO PLAINTIFF AND STATE COURT

8.    In accordance with 28 U.S.C. § 1446(d), Defendants will file with the clerk of the Circuit Court for Pulaski County, Arkansas for the 5th Division 6th Circuit a Notice of Filing this Notice of Removal, and is contemporaneously giving Notice to the Plaintiff of this removal. (Exhibit B: Notice of Filing Notice of Removal).

**WHEREFORE,** Defendants remove this action from the Circuit Court for Pulaski County, Arkansas for the 5th Division 6th Circuit to the United States District Court for the Eastern District of Arkansas.

This 28th day of December, 2020.

Respectfully submitted,

Frank L. Day, Jr., ARK BPR# 2007085
Mollie K. Wildmann, ARK BPR# 2020072
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN  38120
Telephone:  (901) 291-1500
Facsimile:  (901) 291-1501
fday@fordharrison.com
mwildmann@fordharrison.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following by electronic means via the Court's CM/ECF system, this 28th day of December, 2020:

James M. Scurlock, ARK BPR# 2012028
WALLACE, MARTIN, DUKE & RUSSELL, P.L.L.C.
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
Attorney for Plaintiff
(501) 375-5545
(501) 455-2576
jms@WallaceLawFirm.com

Frank L. Day, Jr.

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. WENDELL GRIFFEN - 5TH DIVISION 6TH CIRCUIT**

ERIC HORTON V ATRIUM HOSPITALITY ET AL

60CV-20-6720

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

DELANE MCCOY
11301 Financial Centre Pkwy
Little Rock, AR  72211

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

James Monroe Scurlock
1st Floor, Center Place
212 Center Street
Little Rock, AR  72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

Address of Clerks Office

CLERK OF COURT

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

Christy R McDaniel

CLERK Christy Renee McDaniel, DC

Date: 11/23/2020

EXHIBIT A

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

*Christy R McDaniel*

Circuit Clerk
Date: 11/23/2020

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Nov-23  13:30:16
60CV-20-6720
C06D05 : 10 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

ERIC HORTON                                                    **PLAINTIFF**

VS.                              NO. _____

**ATRIUM HOSPITALITY,**
**LP D/B/A EMBASSY**
**SUITES; and DELANE**                                     **DEFENDANTS**
**McCOY;**

### COMPLAINT

COMES the Plaintiff, by and through counsel, Wallace, Martin, Duke & Russell, PLLC, and for Plaintiff's Complaint, Plaintiff states:

### PARTIES AND JURISDICTION

1.      Plaintiff Eric Horton ("Horton") is a resident and citizen of Pulaski County Arkansas, who worked for the Defendants in Pulaski County, Arkansas. Defendant Atrium Hospitality, LP d/b/a Embassy Suites ("Atrium") is a foreign corporation with regard to the State of Arkansas with its primary place of business within the State of Arkansas being in Pulaski County, Arkansas. Delane McCoy ("McCoy") is a resident and citizen of Pulaski County, Arkansas, who was Horton's General Manager while Horton worked for Atrium.

2.      This is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII") for sex discrimination and retaliation; under the Americans with Disabilities Act for discrimination and retaliation; under the Arkansas Civil Rights Act of 1993 ("ACRA") for gender discrimination, sex discrimination, disability discrimination and retaliation; and for promissory estoppel. Accordingly, this court has subject matter jurisdiction. Since Atrium had its primary registered place of

1

business within the State of Arkansas in Pulaski County, Arkansas, at the time of the acts given rise to this action, venue is proper.

## GENERAL ALLEGATIONS OF FACT

3.     Horton is a disabled African American, homosexual male who began working for Atrium on or about August 19, 2019.

4.     Horton suffers from a disability of the digestive system.

5.     Prior to beginning work for Atrium, Horton had been told he would be working as the Assistant General Manager at the Atrium property located at 11301 Financial Centre Parkway, Little Rock, AR 72211.

6.     Just before beginning work at Atrium, Horton was demoted to Guest Service Manager by General Manager Delane McCoy.

7.     McCoy took this action immediately after discovering that Horton was homosexual.

8.     After demoting Horton, McCoy began seeking out a new person for the Assistant General Manager position and replaced Horton with a non-disabled, inexperienced, and unqualified heterosexual male.

9.     The demotion by McCoy amounted to a loss of some $30,000 per year to Horton, but Horton accepted the Guest Service Manager position in hopes of proving himself capable regardless of his sexuality.

10.     Upon taking this new position, McCoy required that Horton perform most of the duties of the Assistant General Manager without providing Horton the compensation for that position.

11.    McCoy even order Horton to complete McCoy's required certification for Hilton Worldwide Rates and Inventory which McCoy new to be in violation of company policy and which could have led to McCoy's immediate termination.

12.    Horton refused to comply with McCoy's demands and Horton knew he was being asked to break company policy.

13.    Shortly after McCoy attempted to force Horton to break company policy regarding the certification process McCoy participated in and encouraged ongoing harassment and bulling of Horton based on his sexuality.

14.    The numerous company violations perpetrated by McCoy including the ongoing harassment and bullying caused great physical and mental distress for Horton resulting in his disabling digestive condition to flare up and require medical attention.

15.    Because of these actions by McCoy, on or about the beginning of November 2019, Horton sought accommodation for his disability including a short period of time off of work to recover based on doctor's orders as well as time off to attend doctor's appointments.

16.    McCoy refused to grant Horton any of these requested accommodations and instead docked Horton for any time Horton was off in an attempt to make it appear that Horton was not coming into work.

17.    After McCoy's refusal to grant the accommodation, Horton appealed this decision to Atrium's corporate Human Resources who never responded back to Horton about the accommodation but informed McCoy that Horton had requested it.

3

18.     After Horton sought this accommodation, with McCoy's knowledge and encouragement, employees under the supervision of McCoy repeatedly harassed Horton about his sexuality with McCoy being fully aware of these actions.

19.     Horton reported the ongoing taunts by McCoy in a formal complaint made to Atrium toward the end of the year in 2019 along with several other employees who had also witnessed McCoy's actions.

20.     In January 2020, an investigator from Atrium came to the property and found that McCoy was in violation of numerous Atrium policies including the ongoing harassment of Horton.

21.     Horton openly participated in this investigation believing that Atrium was trying to help him based on the complaints he and other employees had made to Atrium about McCoy.

22.     It was clear from the course of this investigation that Atrium was aware that Horton had previously made requests for accommodation for his disability which McCoy had denied.

23.     Atrium never took any steps to attempt to provide Horton with an accommodation for his disability during or after their internal investigation of McCoy.

24.     Based upon what Horton was told during this investigation by Atrium, Horton filed a formal EEOC Complaint on February 13, 2020 concerning the discrimination against him based on his sex and disability.

4

25.    At the end of the investigation on March 12, 2020, instead of punishing McCoy for his actions, Atrium allowed McCoy to furlough Horton with no reason given.

26.    Later, McCoy and Atrium would attempt to use Covid-19 as the supposed reason for the furlough of Horton.

27.    Upon information and belief, only employees who participated in the internal investigation of McCoy by Atrium were furloughed in March 2020.

28.    Eventually Horton was terminated on October 31, 2020.

29.    The final termination letter came from Atrium showing that Atrium had fully ratified the actions of McCoy with regard to Horton.

30.    Upon information and belief, McCoy has never been reprimanded in any way for his actions against Horton.

31.    Horton timely filed a Charge of Discrimination with the EEOC alleging a violations of sex and disability discrimination and now timely files this action within ninety (90) days of receiving his Right to Sue letter.

## COUNT I – TITLE VII AGAINST ATRIUM

32.    Plaintiff realleges the foregoing paragraphs, as though fully stated herein.

33.    Atrium has violated Title VII of the Civil Rights Act of 1964 by discriminating against Horton based on Horton's sex and retaliated against Horton for participating in a protected activity that being participating in an internal investigation regarding violations of company policy.

5

34.     As a direct and proximate cause of Atrium's acts or omissions as alleged herein, Horton has suffered lost wages, lost fringe benefits, lost earning capacity, negative references, and has incurred expenses that would not otherwise have been incurred.

35.     Atrium's conduct has been in willful, intentional, and knowing violation of the law, meriting punitive damages.

### COUNT II – ADA AGAINST ATRIUM

36.     Plaintiff re-alleges the foregoing as if fully set out herein.

37.     Atrium discriminated against Horton because of Horton' disability in violation of the ADA.

38.     Similarly situated non-disabled employees of Atrium have not been terminated under the same circumstance under which Horton was terminated.

39.     Further, Atrium failed to accommodate Horton's disability, regarded Horton as disabled, and took adverse action against Horton in violation of the ADA.

40.     Because of Horton's repeated requests for accommodation that went either unanswered or resulted in Horton's punished by Atrium and its agents, Horton was retaliated against by Atrium.

41.     This retaliation culminated in Atrium first furloughing and then terminating Horton.

42.     Horton was terminated in retaliation for having made requests for accommodation and participating in investigations of violations of both internal Atrium policies as well as federal law.

6

43.     As a direct and proximate cause of Atrium's acts and omissions alleged herein, Horton has suffered severe mental and emotional distress, lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

44.     Atrium's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT III – ACRA AGAINST ATRIUM

45.     Plaintiff realleges the foregoing paragraphs, as though fully stated herein.

46.     Atrium has violated the Arkansas Civil Rights Act by breaching Horton's rights guaranteeing him equal protection by discriminating against Horton based on gender and sex while retaliating against Horton for participating in the protected activity of participating in an internal investigation as well as an external EEOC investigation regarding violations of company policy and federal law.

47.     The Arkansas Supreme Court has consistently held that with regard to gender and sex discrimination the Arkansas Civil Rights Act is to be interpreted in accordance with federal interpretations of Title VII of the Civil Rights Act of 1964.

48.     Other employees of Atrium who were not homosexual were not subjected to retaliation and termination by Atrium.

49.     Other employees of Atrium who were male and exhibited characteristics of the male gender were not subjected to retaliation and termination by Atrium.

50.    Other employees of Atrium who were not disabled or who did not seek accommodation for a disability were not subjected to retaliation and termination by Atrium.

51.    Employees of Atrium who did not report sex discrimination were not subjected to retaliation and termination by Atrium.

52.    Employees of Atrium who did not report gender discrimination were not subjected to retaliation and termination by Atrium.

53.    Employees of Atrium who did not report disability discrimination were not subjected to retaliation and termination by Atrium.

54.    As a direct and proximate cause of Atrium's acts or omissions as alleged herein, Horton has suffered lost wages, lost fringe benefits, lost earning capacity, and has incurred expenses that would not otherwise have been incurred.

55.    Atrium's conduct has been in willful, intentional, and knowing violation of the law, meriting punitive damages.

## COUNT IV – PROMISSORY ESTOPPEL AGAINST ALL DEFENDANTS

56.    Plaintiff re-alleges the foregoing as if fully set out herein.

57.    All Defendants provided Horton with a handbook that included internal processes by which employees could seek remedy for violations of Atrium's policies regarding sex discrimination, sexual harassment, gender discrimination, disability discrimination, and retaliation.

58.    Horton sought to invoke these processes by reporting violations of the sex discrimination, sexual harassment, gender discrimination, disability discrimination, and retaliation policies on the part of McCoy.

59.    Horton regarded the procedures as outlined in Defendants' handbook as a promise to abide by federal law, state law, and Defendants' own internal procedures regarding the reporting of sex discrimination, sexual harassment, gender discrimination, and retaliation.

60.    Horton did not regard the procedures as outlined in Defendant's handbook as a promise of continued employment and understood that his employment with Atrium was "at will" in nature.

61.    Defendants intended for Horton to regard Defendants' handbook as a promise that Defendants would abide by the procedures for the reporting of sex discrimination, sexual harassment, gender discrimination, disability discrimination, and retaliation as outlined above and as discussed in Defendants' handbook.

62.    Horton did, in fact, reasonably rely upon Defendants' promise to abide by its own procedures as outlined in Defendants' handbook.

63.    Defendants failed to abide by Defendants' own procedures as outlined in Defendants' handbook regarding the reporting of sex discrimination, sexual harassment, gender discrimination, disability discrimination, and retaliation.

64.    Due to Horton's reliance on Defendant's promise to abide by the procedures as outlined in Defendants' handbook, Horton has experienced an injustice in the form of termination and has been damaged.

9

65.    As a direct and proximate cause of Defendants' acts and omissions alleged herein, Horton has lost wages, lost fringe benefits, lost earning capacity, and incurred other damages in an amount to be proven at trial.

66.    Defendants' actions have been willful, such that Horton is entitled to an award of liquidated and punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory, liquidated, and punitive damages exceeding $75,000, reinstatement or front pay, for reasonable attorneys' fees, for costs, for a trial by jury, and for all other proper relief.

Respectfully submitted,

WALLACE, MARTIN, DUKE & RUSSELL, P.L.L.C.
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
Attorney for Plaintiff
(501) 375-5545
(501) 455-2576 FAX

By:    _____*/s/ James Monroe Scurlock*_____
       James Monroe Scurlock, AR Bar No. 2012028
       jms@WallaceLawFirm.com

10

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Dec-28 12:24:01
60CV-20-6720
C06D05 : 6 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 5TH DIVISION 6TH CIRCUIT

**ERIC HORTON,**                                                        **PLAINTIFF**

**v.**                                                              **CASE NO. 60CV-20-6720**

**ATRIUM HOSPITALITY,**
**LP D/B/A EMBASSY**
**SUITES; and DELANE**
**McCOY,**                                                           **DEFENDANTS**

---

### NOTICE OF FILING NOTICE OF REMOVAL

---

Please take notice that Defendants Atrium Hospitality d/b/a Embassy Suites ("Atrium"),

and Delane McCoy ("McCoy") (collectively "Defendants"), by and through counsel are hereby

giving the Clerk of the Circuit Court of Pulaski County, Arkansas, a Notice of Filing Notice of

Removal in Case No.:  60CV-20-6720.  Pursuant to 28 U.S.C. § 1446(d), Defendants file

herewith a true copy of the Notice of Removal previously filed in the United States District

Court for the Eastern District of Arkansas. (Exhibit A: Defendants' Notice of Removal).


Respectfully submitted,

/s/ Frank L. Day, Jr.
Frank L. Day, Jr., ARK BPR# 2007085
Mollie K. Wildmann, ARK BPR# 2020072
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN  38120
Telephone:  (901) 291-1500
Facsimile:  (901) 291-1501
fday@fordharrison.com
mwildmann@fordharrison.com

**ATTORNEYS FOR DEFENDANTS**


EXHIBIT B

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 28th day of December, 2020, I sent an original via FedEx to the Clerk of the Court for filing and sent a copy to Plaintiff via electronic mail and U.S. Mail, postage, pre-paid to the address listed below:

James M. Scurlock, ARK BPR# 2012028
WALLACE, MARTIN, DUKE & RUSSELL, P.L.L.C.
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
Attorney for Plaintiff
(501) 375-5545
(501) 455-2576
jms@WallaceLawFirm.com

/s/ Frank L. Day, Jr.
Frank L. Day, Jr.

2

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **ERIC HORTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. _____** |
| **v.** ) | |
| ) | |
| **ATRIUM HOSPITALITY,** ) | |
| **LP D/B/A EMBASSY** ) | |
| **SUITES; and DELANE** ) | |
| **McCOY;** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendant Atrium Hospitality d/b/a Embassy Suites ("Atrium"), and Defendant Delane McCoy ("McCoy"), (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove this action from the Circuit Court of Pulaski County, Arkansas to the United States District Court for the Eastern District of Arkansas. In support of removal, Defendants state as follows:

### COMMENCEMENT OF ACTION IN STATE COURT

1.    Plaintiff Eric Horton ("Plaintiff") filed his Complaint on November 23, 2020, in the Circuit Court for Pulaski County, Arkansas, Case No. 60CV-20-6720. The Complaint was served upon both Atrium and McCoy on November 30, 2020. (Exhibit A: Summons and Complaint).

### JURISDICTION – GROUNDS FOR REMOVAL – FEDERAL QUESTION

EXHIBIT A

2.      Plaintiff's Complaint alleges (1) sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"); (3) gender, sex, and disability discrimination and retaliation in violation of the Arkansas Civil Rights Act of 1993 ("ACRA"); and (4) an Arkansas common law claim for promissory estoppel.

3.      Accordingly, pursuant to 28 U.S.C. 1331 (federal question), this Court has original jurisdiction with respect to the Title VII claims.

4.      In addition, this Court has supplemental jurisdiction over each of the claims Plaintiff asserted under Arkansas law pursuant to 28 U.S.C. § 1367, as those claims arise from part of the same case or controversy as the Title VII and ADA claims.

5.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants have consented to the removal of this action.

6.      This Notice of Removal is being filed in the United States District Court for the district within which the action is currently pending.  This Notice of Removal is being filed within thirty (30) days after service of process of the pleading in which the basis for removal was asserted, and is therefore timely filed under 28 U.S.C. § 1446(b).

### PROCESS AND PLEADINGS

7.      Defendants have been served with a Summons and Complaint.  (See Exhibit A). Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, and orders served upon Defendants are attached hereto.  The foregoing constitute the only process, pleading, or other papers served upon Defendant.

2

## NOTICE TO PLAINTIFF AND STATE COURT

8.      In accordance with 28 U.S.C. § 1446(d), Defendants will file with the clerk of the Circuit Court for Pulaski County, Arkansas for the 5th Division 6th Circuit a Notice of Filing this Notice of Removal, and is contemporaneously giving Notice to the Plaintiff of this removal. (Exhibit B: Notice of Filing Notice of Removal).

**WHEREFORE,** Defendants remove this action from the Circuit Court for Pulaski County, Arkansas for the 5th Division 6th Circuit to the United States District Court for the Eastern District of Arkansas.

This 28th day of December, 2020.

Respectfully submitted,

Frank L. Day, Jr.
Frank L. Day, Jr., ARK BPR# 2007085
Mollie K. Wildmann, ARK BPR# 2020072
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN  38120
Telephone:  (901) 291-1500
Facsimile:  (901) 291-1501
fday@fordharrison.com
mwildmann@fordharrison.com

**ATTORNEYS FOR DEFENDANTS**

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following by electronic means via the Court's CM/ECF system, this 28th day of December, 2020:

James M. Scurlock, ARK BPR# 2012028
WALLACE, MARTIN, DUKE & RUSSELL, P.L.L.C.
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
Attorney for Plaintiff
(501) 375-5545
(501) 455-2576
jms@WallaceLawFirm.com


Frank L. Day, Jr.
Frank L. Day, Jr.

4